UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

BRUCE A. DAVENPORT, SR.,                     Case No. DL 19-00993
                                             Hon. Scott W. Dales
            Debtor.                          Chapter 7
_____/

### MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

The court held a hearing on November 21, 2019, in Lansing, Michigan, to consider (1) whether to require Dennis Barrett, Esq., to disgorge fees to his former client, chapter 7 debtor Bruce A. Davenport, Sr. ("Mr. Davenport"); and (2) whether to appoint a guardian *ad litem* to act for Mr. Davenport in this case. The court also addressed a document (ECF No. 60) that it construed as Mr. Davenport's objection to Claim No. 10 of Bernice Davenport, his aged mother.

Mr. Davenport appeared at the hearing, *pro se*; chapter 7 trustee Scott A. Chernich, Esq. (the "Trustee") also appeared. Several of the Debtor's siblings attended the hearing and, given the family's common interest in the probate court proceedings involving Bernice Davenport, the court permitted them to be heard. The United States Trustee did not attend, despite the court's ardent request expressed in the Order to Show Cause dated October 22, 2019 (ECF No. 67, the "Show Cause Order"), but on the eve of the hearing he did file a document expressing his position regarding the matters before the court. *See* Statement by the United States Trustee Regarding the Court's Order to Show Cause (ECF No. 79, the "UST Statement").

During the hearing, Mr. Davenport seemed to appreciate the nature of the hearing and the issues before the court, and he generally comported himself well, albeit with occasional and

unwelcome interruptions. He expressed his frustration with his former counsel, several of his siblings, the Trustee, and the Ingham County Probate Court through which, before filing his bankruptcy petition, he sought to vindicate his claim to certain residential real estate (the "Real Estate") evidently titled in his mother's name. Several of his siblings, evidently aligned with his mother, expressed their own frustration that Mr. Davenport's bankruptcy case has delayed the conservatorship proceedings involving their ninety-four-year-old mother, especially the sale of the Real Estate, resulting in additional carrying costs to be borne by her.

Before the hearing, and evidently in response to the Show Cause Order, Mr. Barrett refunded to Mr. Davenport his fee in the amount of $990.00. Mr. Davenport acknowledged the payment and, after the court satisfied him that Mr. Barrett in fact filed an amended Schedule F as previously agreed, it appeared that Mr. Barrett and Mr. Davenport were "square," in the court's words. The court regards this aspect of the Show Cause Order as adequately resolved.

With respect to the court's concern about appointing a guardian *ad litem* to assist Mr. Davenport in connection with this case, the United States Trustee recommended against such an appointment, given the Trustee's abandonment of the Real Estate to its prepetition owner or owners and the imminent closing of this case. The Trustee confirmed that the abandonment is pending and, just as important, that he will soon file a report of no distribution, indicating that there will be no distribution in this case, neither to the creditors nor to Mr. Davenport. Mr. Davenport has already received a discharge (ECF No. 50), and it seems likely, as the UST Statement suggests, that the case will soon be closed. None of these observations is contested.

When the court suggested in the Show Cause Order that a guardian *ad litem* might be necessary under Fed. R. Bankr. P. 1004.1, it appeared that the Trustee was administering the Real Estate and challenging Mr. Davenport's claim of exemption in that asset. The existence of

this not-insubstantial and disputed asset in Mr. Davenport's bankruptcy estate, coupled with his professed mental incapacity,[1] prompted the court to consider taking some action to protect Mr. Davenport. The court agrees with the United States Trustee, however, that the imminent abandonment, filing of the "no distribution report," and the closing of the case make such an appointment unnecessary and unwise. As a practical matter, the court perceives no meaningful decision for Mr. Davenport to make in connection with his bankruptcy case. He has his discharge,[2] and to the extent he has an interest in the Real Estate, the abandonment will return that to him by operation of 11 U.S.C. § 554(c), subject (of course) to the authority of the Ingham County Probate Court and his mother's conservatorship proceedings. Any scheduled causes of action will also revert to Mr. Davenport when the case is closed. *Id.*

In addition, without assets in this estate, it would be impossible to pay any guardian *ad litem* as a cost of administration, assuming a guardian's compensation and expense would qualify under 11 U.S.C. § 503. *See, e.g., In re Benson*, No. 10–64761–PWB, 2010 WL 2016891 (Bankr. N.D. Ga. Apr. 30, 2010) ("The guardian *ad litem* shall be entitled to allowance of reasonable compensation and reimbursement of expenses ordinarily and necessarily incurred as an administrative expense in this case after notice and a hearing upon application to the Court.").

For the foregoing reasons, and those set forth on the record during the hearing, the court will not appoint a guardian *ad litem* to assist Mr. Davenport in this proceeding. Nothing in today's decision, however, should be construed to affect any petition for similar relief in any other court, including the Ingham County Probate Court.

---

[1] On October 17, 2019, Mr. Davenport filed a letter (ECF No. 66) stating that he is "[a] hundred percent disabled veteran with A diagnosis of mental health issues that hindered his ability and relationship" with his former counsel. An email string attached to this letter includes his further statement that his mental illness is "affecting his decision making in this case." *Id.* at p. 7.

[2] According to the Claims Register, the discharge will enjoin collection of $135,235.27 in filed claims, not to mention most unfiled claims and unscheduled claims (assuming this is a "no asset" case). *Madaj v. Zirnhelt* (*In re Madaj*), 149 F.3d 467 (6th Cir. 1998).

With respect to Mr. Davenport's objection to Claim No. 10, the Trustee's unchallenged oral report that there are no substantial assets in the bankruptcy estate, and a review of Mr. Davenport's schedules, leads to the conclusion that there will be no surplus or other distribution in this case.  Mr. Davenport will not be affected in any way by the filing or pendency of Claim No. 10, and therefore he lacks standing to object to it.  *In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich. 2017).

On a final note of interest to Mr. Davenport's mother's conservators and probably the Ingham County Probate Court, the abandonment, when effective, will remove the Real Estate from Mr. Davenport's bankruptcy estate and free it from the protection of the automatic stay. *See* 11 U.S.C. § 362(c)(1) ("the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate").  Without objection or further order, the abandonment will likely take effect on December 5, 2019.

As yesterday's hearing confirmed, the resolution of the core difficulties in this case, especially the family discord among the children of Bernice Davenport, is beyond the authority and ken of the bankruptcy court, a court of limited jurisdiction.  Mr. Davenport's brief detour into the bankruptcy court will free him of the burden of substantial debts, but will leave his claim to the Real Estate, and his claims against his siblings, essentially where they were on the day he filed his bankruptcy petition.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows: (1) the Show Cause Order (ECF No. 67) is SATISFIED and the court will take no further action with respect thereto; and

(2) Mr. Davenport's Objection to Claim No. 10 of Bernice Davenport is OVERRULED for lack of standing.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order Following November 21, 2019 Hearings pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Bruce A. Davenport, Sr. (by First Class U.S. Mail), Dennis Barrett, Esq., Scott A. Chernich, Esq., and the United States Trustee (by First Class U.S. Mail and electronic means).

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 24, 2019**



Scott W. Dales
United States Bankruptcy Judge