UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

BRUCE A. DAVENPORT, SR.,                          Case No. DL 19-00993
                                                  Hon. Scott W. Dales
            Debtor.                               Chapter 7
_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Chapter 7 trustee Scott A. Chernich, Esq. (the "Trustee") proposed to abandon the estate's interest in the residence of debtor Bruce A. Davenport, Sr. ("Mr. Davenport").  Mr. Davenport timely filed an objection to the proposed abandonment.  The court held a hearing on December 19, 2019, in Lansing, Michigan, to consider the proposed abandonment.  The Trustee and Mr. Davenport both participated in the hearing, without counsel.  For the following reasons, the court will overrule the objection, and approve the abandonment.

The residential real estate at issue, situated in the City of Lansing (the "Residence"), is reportedly included in Mr. Davenport's mother's conservatorship estate and subject to the jurisdiction of the Ingham County Probate Court (the "Probate Court").  Mr. Davenport's interest in the real estate, whatever that may be, is included within his bankruptcy estate, though evidently subject to claims of his mother's conservators.[1]  Given the pendency of Mr. Davenport's bankruptcy case, and the automatic stay under 11 U.S.C. § 362(a),[2] the Probate

_____

[1] Mr. Davenport has claimed his equitable interest as exempt, and the Trustee has since withdrawn his objection to the exemption.  Whether or to what extent Mr. Davenport has an interest in the Residence is an open question that the Probate Court will likely resolve.  If Mr. Davenport has no interest in the Residence, his exemption will be of no benefit to him.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

Court suspended its administration of the Residence, deferring to this court's exclusive jurisdiction under 28 U.S.C. § 1334(e).

As noted above, the Residence is subject to a hotly contested ownership dispute between Mr. Davenport and his siblings, a dispute that spilled into the Probate Court and, briefly, this court. In an effort to derive value from the Residence, and mindful of the expenses of litigation in this "no asset case," the Trustee kindly endeavored to broker a deal between the Debtor, his bankruptcy estate, and his siblings.

After the deal fell through, and as winter approached, the Trustee determined that the Residence was of inconsequential value and was burdensome to the estate. Pursuant to § 554(a), Fed. R. Bankr. P. 6007, and LBR 6007, the Trustee filed a notice of proposed abandonment of the Residence on the court's local form, which the Clerk conditionally endorsed with an order entered under LBR 5003(a)(2). *See* ECF Nos. 77 (notice of proposed abandonment) and 78 (Clerk's endorsed order). The Clerk's order provided that the abandonment would become effective on December 5, 2019 without further order, in the absence of timely objection. As noted above, however, Mr. Davenport timely filed his Abandonment Objection on November 26, 2019 (ECF No. 84, the "Objection"), prompting the court to hold the hearing.

At the hearing, the Trustee again described his fruitless efforts to broker a settlement and stated that, with winter approaching and without assets in the estate to protect the property, the Residence has become burdensome to the bankruptcy estate. He regretted that the settlement fell through and attributed the collapse largely to the intractable intrafamily dispute.

Mr. Davenport explained that, due to his incapacity and poor advice from his former lawyer, he did not fully understand the settlement when he refused to sign it. He now wishes to go forward with the settlement. Largely for this reason he opposes abandonment.

As the court explained, it has no authority to compel individuals to enter into settlement agreements, even an agreement that appeared to promise considerable benefit to Mr. Davenport and his exemption claim.  The Trustee, as the estate's representative, reported that the settlement discussions have concluded and that the estate lacks funds to preserve, and presumably insure, the Residence.  So, regardless of Mr. Davenport's current willingness to enter into the now-defunct settlement, the court finds no basis for preventing the Trustee from abandoning the residence.  Moreover, as the court explained in a Memorandum of Decision and Order dated November 24, 2019 (ECF No. 83), the effect of the abandonment and Mr. Davenport's exemption of his interest in the Residence is to leave his (and his family members') relationship to the Residence where it was on the petition date, which is to say subject to the Probate Court's jurisdiction.

Finally, as the court previously explained, the abandonment, which becomes effective upon entry of this Memorandum of Decision and Order, removes the Residence from Mr. Davenport's bankruptcy estate and frees it from the protection of the automatic stay.  *See* 11 U.S.C. § 362(c)(1) ("the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate").  The Probate Court, rather than the bankruptcy court, may address and resolve whatever interest Mr. Davenport has in the Residence and or claims against his siblings, subject, of course, to the Probate Court's jurisdiction, discretion, and applicable non-bankruptcy law.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows: (1) Mr. Davenport's Objection is OVERRULED and the Residence is ABANDONED effective upon entry of this Memorandum of Decision and Order; (2) the Residence is no longer included within Mr.

Davenport's bankruptcy estate; (3) the automatic stay is terminated effective immediately with respect to the Residence; and (4) the United States Bankruptcy Court no longer has jurisdiction over the Residence.

IT IS FURTHER ORDERED that the Trustee's objection to Mr. Davenport's claim of exemption in the Residence is WITHDRAWN on the record, and the exemption claim will stand.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Bruce A. Davenport, Sr. (by First Class U.S. Mail), and Scott A. Chernich, Esq.

IT IS FURTHER ORDERED that the Clerk shall send a courtesy copy of this Memorandum of Decision and Order to the Honorable Richard J. Garcia, Chief Judge of the Ingham County Probate Court, at his chambers in Lansing.

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 20, 2019**



Scott W. Dales
United States Bankruptcy Judge